IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEAVRIN SNEED, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-743-K |
| § | |
| CROWN EQUIPMENT § | |
| CORPORATION and TARGET § | |
| CORPORATION, § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Deavrin Sneed has filed a Motion for Leave to File Supplemental Response to Defendant Crown Equipment Corporation's ("Crown") Motion for Summary Judgment. *See* Dkt. No. 91.

United States District Judge Ed Kinkeade has referred this motion to the undersigned United States Magistrate Judge for findings, conclusions, and recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 108.

For the reasons explained below, the Court denies Sneed's Motion [Dkt. No. 91].

## Legal Standards

Federal Rule of Civil Procedure 56(e) provides that a court may allow a party "an opportunity to properly support or address [a] fact" that the party failed to properly do in a summary judgment motion or the responsive briefing. Fed. R. Civ. P. 56(e)(1); *see, e.g., Lackey v. Salazar*, Civ. Action No. 3:17-CV-2345-B-BT, 2020 WL

3507553, at *2 (N.D. Tex. Feb. 18, 2020).

Northern District Civil Local Rule 56.7 provides that "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." N.D. Tex. Civ. R. 56.7.

"In short, Rule 56.7 'regulates the summary judgment materials that can be filed' by requiring leave of court for supplemental materials." *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937-B, 2016 WL 9527975, at *1–2 (N.D. Tex. Oct. 6, 2016) (quoting *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-cv-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007)). "Local Rule 56.7 gives a presiding judge leeway to allow a party to supplement its motion for summary judgment," *Smith v. State Farm Lloyds*, No. 2:18-cv-210-Z-BP, 2020 WL 2832393, at *5 (N.D. Tex. June 1, 2020), and "[t]he decision to grant or deny leave to supplement is within this Court's sound discretion," *Willingham v. Mktg. Assocs., Inc.*, No. 3:15-cv-1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016).

In considering a motion to supplement pursuant to Local Rule 56.7, this Court has applied Rule 16(b)(4)'s "good cause" standard, which addresses modification of a scheduling order deadline. *See* Fed. R. Civ. P. 16(b)(4); *Crampton v. Weizenbaum*, 757 F. Appx 357, 370 (5th Cir. 2018).

And when determining whether to allow an amended or supplemental response to a summary judgment response, the Fifth Circuit considers: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of

the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278 (5th Cir. 2019).

## Analysis

This is a products liability case arising from a workplace incident involving a Crown RC5500 Series stand-up rider forklift.

Plaintiff Sneed alleges that, as he was loading and unloading pallets with the subject forklift at a Target Distribution Center, it malfunctioned and accelerated at a high rate of speed; the brake mechanism failed; and he crashed into a pole, resulting in severe injuries, including a partial leg amputation. *See* Dkt. No. 28 at 2-3.

Sneed asserts claims against Crown under theories of (1) product liability – design defect; (2) product liability – manufacturing defect; (3) general negligence (including premises liability, failure to warn, improper supervision, and improper maintenance/inspection claims, among others); (4) negligent/faulty maintenance; and (5) negligent/faulty repair work. *See id.* Sneed also seeks punitive damages for malice or gross negligence. *See id.*

Defendant Crown filed its motion for summary judgment on July 15, 2024. *See* Dkt. No. 77. And Sneed timely filed a response on August 5, 2024. *See* Dkt. No. 82.

On August 17, 2024, Sneed filed his request for leave to supplement his response with "critical testimony" from Crown's Director of Product Safety, Dr. Ronald Grisez. *See* Dkt. No. 91.

On September 26, 2024, the Court asked Sneed to file supplemental briefing

-3-

to address the timing of Dr. Grisez's deposition, notably with respect to the deadlines to complete discovery and to file dispositive motions. *See* Dkt. No. 98.

Sneed filed additional briefing, *see* Dkt. No. 99, and Crown filed a response, *see* Dkt. No. 101.

The Court turns to the factors outlined by the Fifth Circuit to determine whether Sneed has shown "good cause."

1. Explanation for Failure

Dr. Grisez's deposition was initially scheduled for June 26, 2024 – seven days before the July 3, 2024 discovery deadline. *See* Dkt. No. 101-1 at 1. But Sneed's counsel cancelled it that same day because of what appeared to be health issues. *See* Dkt. No. 97-1 at 2.

On July 5, 2024, Crown's counsel advised that Dr. Grisez was available on August 8, 2025, and Sneed's counsel approved of that date. *See* Dkt. No. 97-2 at 2-3.

Crown filed its motion for summary judgment on July 15, 2024 – the dispositive motion deadline. And, so, under Judge Kinkeade's Scheduling Order [Dkt. No. 11], Sneed's response was due by August 5, 2024.

Sneed did not file a motion to allow additional time to take discovery under Federal Rule of Civil Procedure 56(d) and timely filed his summary judgment response, three days before Dr. Grisez's scheduled deposition. *See* Dkt. No. 82.

But his response did not mention the anticipated deposition. *See id.* And, as the Court previously pointed out, Sneed deposed Dr. Grisez more than one month after the discovery deadline and without leave of the Court. *See* Dkt No. 98.

Sneed then filed this Motion for Leave to File Supplemental Response on August 17, 2024. *See* Dkt. No. 91.

Sneed's counsel acknowledges that there were "some deficiencies in [his] approach" and that scheduling Dr. Grisez's deposition after the discovery deadline was an "oversight." Dkt. No. 99 at 4, 19.

But "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Banks v. Spence*, 114 F.4th 369, 372 (5th Cir. 2024) (emphasis in original; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

Sneed offers no explanation for why he did not ask Crown to schedule Dr. Grisez's deposition for an earlier date, considering the discovery and dispositive motion deadlines, or file a motion for additional time to take discovery under Rule 56(d) before filing his summary judgment response.

Sneed's inadvertence – that is, his failure "to notice that Dr. Ronald Grisez's deposition was set for [a] time outside of the applicable discovery period deadline" – weighs strongly against a finding of good cause. Dkt. No. 99 at 4; *see also S&W Enters.*, 315 F.3d at 536 (noting that inadvertence "is tantamount to no explanation at all.").

2. Importance of Testimony

Sneed contends that Dr. Grisez's testimony "revealed critical new information that directly addresses and challenges the key arguments made by [Crown] in its

Motion for Summary Judgment" regarding the RC 5500 series forklift's design, maintenance, and operational safety. Dkt. No. 91 at 9.

Sneed asserts that Dr. Grisez's testimony challenges Crown's arguments that the RC 5500 series forklift complies with mandatory federal safety standards because it highlights the potential design flaws or operational risks associated with the forklift's design. *See* Dkt. No. 91 at 4-5.

And he states that Dr. Grisez's "discussion of Crown's maintenance practices, particularly the role of dust and debris in potentially affecting the forklift's electrical components, suggests that what Crown considers a maintenance issue may actually stem from a manufacturing flaw." *Id.* at 5.

Sneed cites the following testimony:

> Q Okay. But you can attest that when you looked into the summary – accident summary report, there were three recorded incidents that you could recall involving an RC Crown forklift – 55 series Crown forklift and a lower left-leg injury?
> A At Target.
> Q At Target?
> A (no audible response).
> Q Yes? A Using the – yes. Using the database and the information that was in the database, those were the three that I found
> ....
> Q Why is it important to blow off the dust in the forklifts – stand-up rider forklifts?
> A Well, it's just generally good – good practice to keep all the inside components clean, free of dust. There are arcing components underneath the covers: contactors, relays, those kinds of things. And anything that could ignitable, you want to keep that out of there. It is not just dust. There could be debris, pallets – wood pallet chunks that could get into the covers. But they generally remove all debris just because it's an electric truck that has arcing components.

Dkt. No. 91 at 21, 23.

As to Sneed's design defect claim, Crown contends that this testimony is not relevant to whether he can establish that "the mandatory federal safety standards applicable to the product were inadequate to protect the public from unreasonable risk of injury or damage," which is required to rebut the presumption of non-liability under Texas law. *See* Dkt. No. 97 at 7; TEX. CIV. PRAC. & REM. CODE § 82.008(b).

As to Sneed's manufacturing defect claim, Crown asserts that this testimony does not support his contention that the subject Crown RC5500 stand-up rider forklift deviated from Crown's intended design. *See* Dkt. No. 97 at 9-10. And Sneed appears to conflate the design and manufacturing defect claims by stating "the inability of the forklift's design to protect crucial components from dust and debris could be seen as a defect that causes malfunctions, such as the one that injured Plaintiff." Dkt. No. 91 at 5.

As to Sneed's negligent repair or maintenance claims, he argues that Dr. Grisez's testimony "reveals critical shortcomings in Crown's maintenance practices" *Id.* at 6. Specifically, he refers to Dr. Grisez's testimony that "there were potentially insufficient practices in place to ensure that dust and debris did not compromise [the forklift's] operation" because planned maintenance was not conducted within the recommended 500-hour interval. Dkt. No. 91-1 at 49-50.

Crown contends that this testimony is not new record evidence because Sneed previously "obtained all relevant works orders, including planned maintenance" and deposed Crown's service technician, Micah Walker, regarding the "regular and planned maintenance performed on the subject forklift." Dkt. No. 97 at 11. But Sneed

failed to cite any of this evidence in its summary judgment response. *See id.*

As to Sneed's general negligence and punitive damages claims, he asserts that "[t]he fact that [Dr. Grisez] identified similar incidents at other Target locations involving the same RC 5500 forklift model strengthens the claim that Crown was aware of potential risks and failed to take appropriate action." Dkt. No. 91 at 7.

Crown states that this testimony is not new record evidence because Crown produced its "Accident Analysis which included the three incidents [Sneed] references." Dkt. No. 97 at 11-12. And this testimony "does not give rise to any legal duty or breach thereof." *Id.* at 12.

Considering the testimony Sneed proffers in relation to his claims and Crown's arguments in its summary judgment motion, the Court is not persuaded by the importance of this testimony. And, so, this factor weighs against Sneed.

3. <u>Potential Prejudice</u>

Crown contends that it will be prejudiced because "it gives [Sneed] an opportunity to rectify the clear deficiencies in his original [r]esponse." Dkt. No. 97 at 12. And Crown asserts that Sneed is effectively requesting to file a sur-reply after having "the benefit of analyzing Crown's reply in support of its motion for summary judgment." *Id.*

"Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538 (N.D. Tex. 2001). And "[a] sur-reply is appropriate only when the movant raises new

legal theories or attempts to present new evidence at the reply stage." *Brackens v. Dallas Indep. Sch. Dist.*, No. 3:09-cv-0642-D, 2010 WL 5464823 (N.D. Tex. Sept. 20, 2010) (cleaned up).

Because Sneed's supplemental response has the effect of a sur-reply and Crown's reply did not raise new legal theories or present new evidence, the Court finds that Crown would be prejudiced.

And, so, this factor weighs against Sneed.

4. <u>Availability of a Continuance to Cure Prejudice</u>

This case was originally set for trial beginning on December 2, 2024. And, because Sneed originally filed his motion under Federal Rule of Civil Procedure 15(d), which was not applicable because that rule governs supplemental pleadings, this Court permitted Sneed to file additional briefing. *See* Dkt. No. 98.

Sneed's motion did not become ripe for review until October 25, 2024 – about a month from trial.

But on the same day, Sneed filed a motion for a continuance, which the Court granted. *See* Dkt. No. 105. And trial was reset to the Court's three-week docket beginning September 15, 2025. *See* Dkt. No. 105.

And, so, because trial is no longer imminent, this factor is inapplicable or weighs in Sneed's favor.

But, because the other three factors weigh against Sneed, the Court finds that he has failed to show "good cause" for leave to file his supplemental response.

**Conclusion**

For the reasons explained above, the Court DENIES Plaintiff Deavrin Sneed's Motion for Leave to File Supplemental Response to Defendant Crown Equipment Corporation's Motion for Summary Judgment [Dkt. No. 91].

SO ORDERED.

DATED: February 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE